KENNON, Judge.
Plaintiffs, Felix Poche and his insurer, brought this suit to recover $543.45 damages sustained by the Poche automobile in a collision with a car driven and owned by defendant, E. M. Rhodes. Facts not in contest are that the collision took place when the Poche and Rhodes cars sideswiped each other as 'they approached each other from opposite directions on the Jonesboro-Chat-ham highway near the town of Weston at about 3:00 p. .m. on December 24, 1949. Their vehicles met just after plaintiff had passed, over the crest of a rather sharp incline which defendant was approaching at the time.
Plaintiff, his son and daughter-in-law, who were in the car with him, each testified that they could not see the approaching vehicle until their own car went over the crest of the hill, and that the Rhodes automobile at that time was over the center line of the highway and partially in the lane of travel of the Poche automobile; that Felix Poche pulled to- the right but was too late to avoid a sideswiping contact with the Rhodes machine.
Defendant, his- wife and daughter were in his car. . Each of these testified that the Rhodes car was being operated at a reasonable rate of speed'and well on its own side of the highway; that the collision occurred when plaintiff Poche, operating his vehicle at a high rate of speed, came over the crest with his car occupying a portion of its left side of the highway.
Defendant, just prior to the accident, had b.een trailing an .automobile driven by one Earl Shows, which had turned off the highway into the Shows driveway in ample time to clear the highway, but just before the approach of the Poche car. Plaintiff Poche and his two passengers could not recall seeing any such car. Mr. Shows was drowned shortly after the accident, but a passenger in his car at the time of this accident testified that he heard the noise of the tires and the crash as he was getting out of the Shows car after it stopped in the driveway.
The Poche vehicle was being operated at a speed of approximately sixty miles an hour and in spite of the application of br'akes, proceeded between one hundred fifty and two hundred yards down the highway, swerving first to the left and then to the right, and coming to rest in the right ditch, where it sustained the serious damages complained of in the petition. The Rhodes vehicle, which was traveling at a low rate of speed, was only slightly damaged when it was brushed along the left fender and side. Mr. Rhodes brought his car to a stop a few yards beyond the contact point.
The testimony of the three occupants of the one vehicle is directly in conflict with that of the three passengers in the other one on the pivotal and critical point, namely, which driver was guilty of trespassing over the center line of the highway. Mr. Travis. Pardue, Deputy Sheriff who came to the scene shortly after the accident, answered as follows when asked whether he could tell from the marks of the tires what position the two cars were in with reference to the center of the road when the accident occurred: “The first two marks which were possibly made by the Poche.car going towards Monroe indicated that they were at least at the center of the road, going to the left. The tire marks going- to the left were leaning away from -the center of the road.”’
*559 Defendant in brief advances the theory that plaintiff, as he saw the vehicle ahead of him turn left into the Shows driveway and temporarily block plaintiff’s right lane of traffic, naturally turned his vehicle to the left and that after doing so his vehh cle topped the hill while still across the center line of the highway and that Poche was unable to pull back in time to avoid 'striking the approaching Rhodes car. While this explanation seems a logical one, yet we cannot say that it was established by a required preponderance of the evidence. However, as in all civil cases, the burden rested upon the plaintiff to prove his allegation that defendant’s automobile was across the center line of the highway at the time of the collision. Our finding is that the plaintiff did not meet the required burden. On the contrary, the record indicates that plaintiff is more likely the one to blame than the defendant. Certain it is that the record does not establish the negligence of the defendant by a reasonable preponderance of the evidence. Consequently, the judgment of the District Court rejecting plaintiffs’ demands is correct.
The judgment appealed from is affirmed, with costs.